CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
AUG 1 3 2009
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| RUBY GAYLE, ) | |
|     Plaintiff, ) | Civil Action No. 5:08cv00091 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| CITY OF WAYNESBORO, et al., ) | By: Samuel G. Wilson |
|     Defendants. ) | United States District Judge |

Plaintiff Ruby Gayle filed this 42 U.S.C. § 1983 action against Officer Eric A. Fernandez, among other defendants, alleging excessive use of force. After Gayle failed to comply with the disclosure requirements in this court's scheduling order, the Magistrate Judge prohibited her from introducing expert testimony or evidence of medical expenses at trial. Gayle has moved to dismiss without prejudice. Fernandez has moved to dismiss the action with prejudice, or in the alternative, has asked the court to grant Gayle's Motion to Dismiss without prejudice. The court denies Fernandez's Motion to Dismiss with prejudice because it finds that a conditional dismissal without prejudice is an effective and less drastic sanction. However, the court grants Gayle's Motion to Dismiss without prejudice subject to the following conditions: (1) Gayle may only refile this action in this district; and (2) upon a refiling, she must pay the reasonable costs, expenses, and attorney's fees occasioned by her failure to comply with the discovery requirements of the court's scheduling order.

I.

On October 7, 2008 Gayle filed a complaint alleging that Fernandez used excessive force while arresting her.[1] The court's scheduling order set a trial date of August 18-19, 2009, and

---

[1] Gayle also asserted federal and state claims arising out of this incident against the City of Waynesboro, Virginia, the Waynesboro Police Department, Police Chief Douglas Davis, and

required Gayle to disclose the identity of any expert witnesses she would call at trial and a written report of their opinions and the basis thereof by February 19, 2009. On February 26, 2009, Gayle disclosed a list of names and places of business of five medical personnel she intended to call as experts at trial, but she did not provide written reports detailing the opinions of any of these experts. On March 13, 2009, Fernandez moved to compel Gayle to provide reports from her proposed experts and moved for sanctions for failure to obey the discovery requirements in the court's scheduling order and to delay Fernandez's own discovery deadlines. The Magistrate Judge held a hearing on Fernandez's motion to compel on April 21, 2009. On May 13, 2009, the Magistrate Judge issued an order that permitted Gayle to call at trial the medical personnel she had identified as fact witnesses only, but prohibited her from calling any expert witnesses or presenting any testimony of medical expenses that she incurred. On July 7, 2009, Gayle moved to voluntarily dismiss the case without prejudice under Rule 41(a). On August 6, 2009, Fernandez moved to dismiss the case with prejudice under Rule 41(b), and in the alternative, asked the court to grant Gayle's motion to dismiss without prejudice subject to terms the court considered proper.

## II.

The court denies Fernandez's motion to dismiss with prejudice because it finds that conditional dismissal without prejudice is an effective and less drastic sanction. The court grants Gayle's motion subject to two conditions: (1) she may refile her action only in this district; and

---

City Manager Michael Hamp. In its previous memorandum opinion, the court dismissed Gayle's federal claims against all Defendants except Fernandez, and declined to exercise supplemental jurisdiction over Gayle's state claims against all Defendants except Fernandez. Gayle v. City of Waynesboro, No. 5:08cv91, 2009 WL 672712 (W.D. Va. Mar. 13, 2009).

(2) upon refiling, she must pay the reasonable costs, expenses, and attorney's fees that Fernandez incurred as a result of her failure to comply with the discovery requirements in the court's scheduling order.

The court may dismiss an action with prejudice under Rule 41(b) for failure "to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). However, dismissal with prejudice is "a harsh sanction which should not be invoked lightly," especially when less drastic sanctions are effective. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978). As a less drastic sanction, the court may dismiss an action without prejudice "on terms that the court considers proper" under Fed. R. Civ. P. 41(a)(2). "A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice[2] to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). A court may condition dismissal without prejudice on the plaintiff's payment of a portion of defendant's taxable costs and the portion of defendant's attorney's fees that is not "easily carried over" to a refiling, Davis v. USX Corp, 819 F.2d 1270, 1276 (4th Cir. 1987), or require the plaintiff to pay these costs, expenses, and attorney's fees before refiling, Belle-Midwest v. Missouri Property & Casualty Ins. Guar. Ass'n, 56 F.3d 977, 979 (8th Cir. 1995); Versa Prods. v. Home Depot, USA, Inc., 387 F.3d 1325, 1328 (11th Cir. 2004). Courts may also circumscribe the forums in which

---

[2]"[F]or purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit. Moreover, the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit." Davis v. USX Corp., 819 F.2d 1270, 1274-75 (4th Cir. 1987). "Factors a district court should consider in ruling on such motions are: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present state of the litigation, *i.e.*, whether a motion for summary judgment is pending." Gross v. Spies, No. 96-2146, 1998 U.S. App. LEXIS 471, at *16 (4th Cir. Jan. 13, 1998).

3

the plaintiff may refile a voluntarily dismissed suit. E.g. RMD Concessions v. Westfield Corp., 194 F.R.D. 241 (E.D. Va. 2000).

With these precepts in mind, the court denies Fernandez's Motion to Dismiss with prejudice because it finds that a conditional dismissal without prejudice is an effective and less drastic sanction. The court grants Gayle's Motion to Dismiss without prejudice and finds that the following two conditions are proper: (1) Gayle may refile her action only in this district; and (2) upon refiling, Gayle must pay the reasonable costs, expenses, and attorney's fees that Fernandez incurred due to Gayle's failure to comply with the court's scheduling order and participate in discovery.

### III.

For the foregoing reasons, Gayle's Motion to Dismiss without prejudice is conditionally **GRANTED**. Fernandez's Motion to Dismiss with prejudice is **DENIED**.

**ENTER**: This 13th day of August, 2009.

UNITED STATES DISTRICT JUDGE

4